Our final case on the call of the DACA this morning is agenda number nine, case number 113998, People v. Reginald Kennebrew. If that's how it's pronounced. Counsel for the appellant, please proceed. Thank you, your honors. Please the court, counsel. My name is Martin Ryan, counsel for Reginald Kennebrew. A little background for this case. It's a little bit unusual procedurally. Mr. Kennebrew was originally charged and convicted of two counts of predatory criminal sexual assault and a separate and distinct count of aggravated criminal sexual abuse. No one at Mr. Kennebrew's trial submitted an included offense of any kind or a lesser offense or an alternative theory. Everybody was going for acquittal or conviction as the state would have it. On direct appeal, as to count one, predatory criminal sexual assault, one of the two counts, the second district reversed that for lack of proof on the anatomical element. Again, during the course of that appeal, the state never suggested that perhaps their proof in the case was weak enough and that the appellate court should reduce the conviction instead of vacating it outright. Reduce, I should say substitute, because it is my position that it's not a proper included offense at this point in the game. Anyway, the state files a petition for leave to appeal to this court for the first time saying this is an included offense and if you're going to give this guy any relief, you should reduce it to aggravated criminal sexual abuse rather than vacate it outright. And then this court issued its supervisory order directing the second district to consider whether the proof would have been sufficient of aggravated criminal sexual abuse, I guess presumably had it been given to a jury. This appeal concerns only that count, so has no effect on Mr. Kennebrew's convictions and sentences in counts two and three. Essentially, the defense position in this case is there are sort of two overall themes, two enormous problems, which are both, which are separately fatal to the state's position in this case, of whether you can even get to substituting an aggravated criminal sexual abuse conviction for count one predatory criminal sexual assault. First, it's waiver and forfeiture. The state chose not to seek an indictment on this. They chose not to tender an included offense at trial. They didn't even acknowledge it on appeal that it was a possible weakness in their case. After their strategy had not succeeded, then and only then does the state first bring up in a petition for leave to appeal. Counsel, isn't really that all essentially moot at this point because this court ordered the appellate court to vacate its original decision and once vacated, right, it's like the decision never existed. So at that point, the case picked up on remand. The state was completely free to raise the reduction issue, isn't it? I would argue no, your honor. I would argue, oh sorry, I would argue that certainly the second district didn't have any choice but to follow this court's directive. I'm not saying that they should not have done so. I'm saying that a not, as I pointed out in my reply brief, a denial of a leave to appeal and supervisory orders are not res judicata and they're not precedential. So they don't, and certainly the state never disclosed in its petition for leave to appeal that it had waived this issue. And so this court's, my understanding of this court's law, this court's supervisory order is not a ruling excusing the state's waiver. And so that is still a viable issue. Wait, wait, wait. Let me just, regardless of whether or not we should have issued a supervisory order or not, we did. Yes. And we vacated the decision and gave very specific instructions what was to be decided by the appellate court. Yes. And again, my question remains, doesn't that moot the whole waiver issue because we put it at issue regardless of what the state or the defendant had done prior to that? Actually, let me, perhaps I'll put it this way. My answer is still no. And it's because there was no opportunity for the defense to have called the state on its waiver. But this court issues the supervisory order, and so the first chance of pointing out in response is in the appellate court. And while I acknowledge the complete reality that the second district had no choice but to follow this court's supervisory order, my idea was to preserve that issue for this court. Because this court was not appraised in that petition for leave to appeal. It gave rise to that supervisory order. Right. But we did have the appellate court opinion, and we could see from it that the reduction issue was not raised or addressed by the appellate court. So this court was on notice that that issue wasn't raised. So is your problem at this point more with the court, and I know you'll quickly say no, but more with the court than with the state? I mean, we put it at issue. My problem is with the state. Okay. No. I understand your position. I'm not faulting the second district for reaching the issue. They had no choice. I'm saying I'm not waiving waiver or forfeiture, and I have had no chance to respond to it. And I don't view the supervisory order as a precedential ruling on the waiver issue. But the other main contention is due process. Essentially, under the Cole and Gregory line of cases that I cited in the brief and that the state did not respond to, it is a violation, I think the essence of it is the Cole quote in the reply brief. To conform to due process of law, petitioners were entitled to have the validity of their convictions appraised on consideration of the case as it was tried and as the issues were determined in the trial court. Those issues were not tried and determined in the trial court on aggravated criminal sexual abuse as an alternative substitute offense for count one. Using the United States Supreme Court's description of a federal due process violation, and given the fact that even the state does not find any case or suggest at all that the U.S. Supreme Court would choose any other standard but the same element slash abstract element test, which I believe are used interchangeably, this does not count as an included offense when you get to the point of your past conviction. Where the conviction is over, the trier of fact has rendered its verdict, the charging instrument approach does not apply. And in Colton, again, where this court held that these two offenses were included under the charging instrument approach, the judge in Illinois, this court has chosen to give judges sitting in bench trials as trier of fact the option of sort of self-tendering an included offense in the interest of justice if they so choose to do so in discretion. In their discretion, excuse me. So Colton doesn't hold it. And clearly there are different standards because for one act, one crime, and double jeopardy, as Coyne just pointed out in Miller, we use the abstract elements or same elements test. And also what those have in common is also the sort of post-trial nature. And I think, yes? Isn't Miller case dispositive in this case? I'm not sure that it is. And I think, you know, I think Miller, I mean, the narrow holding of Miller is to apply the abstract elements to one act, one crime. But I think using the double jeopardy, borrowing from something this court said, Peel v. Naff, which was a double jeopardy case that talked about the idea of why it's not a double jeopardy case. It's a double jeopardy violation to reduce an offense to an included offense on appeal. And that's because every element of that lesser offense is contained in the charging instrument and goes to the jury at trial. And I don't think there's any argument that there should be a different standard for federal due process than there should be for double jeopardy. Is your quarrel with Colton that it was a bench trial? I don't have a quarrel with Colton. It's totally distinguishable. Colton had the trier of fact actually issue, actually make the findings. Here, we have an appellate court making the findings. Well, isn't, you're at least limiting Colton, right? Isn't whether aggravated criminal sexual abuse is a lesser included offense under the charging instrument approach, isn't that a question of law? That doesn't need any fact finding? The element that's not, I'm sorry. I mean, all the court does is compare the facts of the charge with the elements of the offense. I'm sorry, in Colton or in this case? I'm talking generally about the charging instrument approach in this situation. Okay. Because you were saying it's a fact finding circumstance. I'm asking you whether it's a legal analysis. The charging instrument approach? Well, okay, the abstract question of what is or is not a lesser included offense under whatever approach you use is in and of itself an academic question of law. If that's what you're asking. But my point is, there is a difference between, I mean, this court already uses more than one standard. I think Miller limited Colton. In that Miller, you clearly have this court choosing the abstract element approach for one act, one crime. Also noting that the U.S. Supreme Court uses that same approach for double jeopardy. So clearly we have more than one test in play. And this court, of course, chose specifically the charging instrument approach, actually way back in Novak in 1994. It chose that officially, but that's a jury instruction case. There's a different set of considerations. When you're talking about a defendant or even a judge like in Colton sitting as a trier of fact, neither of those two entities has the power like the state does to charge offenses. So the idea that a defendant, whose defense really is, you know, I did not commit this offense that the state's charging, although I did probably commit a lesser offense, gets to tender an included offense even if there isn't a strict overlap because it's in the interest of justice to allow someone to do that at trial. And the same thing, I think, was in play in Colton when you have the judge sitting as the trier of fact, who sees these two parties going back and forth on absolute acquittal and absolute conviction when he sees that the guilt is really somewhere in between. But the judge, like the defendant, can't charge it. The state has that option. My example is this, to back up earlier, where someone could have a defense that's a separate offense that's not strictly a lesser included offense if you use same elements. And that's, there was a case called People v. Antonio Hamilton in the late 90s in this court. And that guy was charged with burglary of a house. And he was let into the house by a child. His defense was, I was at the wrong house. I went in thinking I was going to see somebody. And then I got once inside, he claimed that he realized he was in the wrong house and then decided to steal a purse, which he stole. So in his attempt to tender a theft instruction as an included offense was denied because burglary doesn't require taking and theft does. He won that case ultimately in this court under the charging instrument approach because it made sense that his defense was, I had lawful entry, I was letting this house, I wasn't intending to commit a theft at the time of my entry, whether you believe it or not, but formulated the intent to steal afterwards. And so that's why it makes sense in the trial court stage to allow the charging instrument approach. But once you've already gotten past that point, those considerations of expanding the base of included offenses don't apply. But that's a policy consideration. I still think as a matter of federal due process, again, the core of the argument is you can't have a conviction for a charge that's not made. Clearly that charge is not made. There's no denying it. It's not instructed to the jury. What standard will the U.S. Supreme Court use in federal due process? They always use the same elements test. At any rate, if there are no further questions, I'd ask this court to vacate outright Mr. Kenneger's conviction on count one and sort of restore the case to where it was after the first round of appeals as a matter of due process and or finding that the state has waived and forfeited this issue. Thank you. Thank you, Mr. Ryan. Counsel for the appellee. Good morning, Your Honors. May it please the court. I am Assistant Attorney General Stephen Soltanzade on behalf of the people. I think it's important to distinguish between what's at issue in this appeal and what's not. The claim raised as defendant argued in the opening argument, the claim raised in this appeal is that defendant was denied his right to not be convicted of a charge that was never made. That's the claim that was briefed in the opening brief. That's the claim that was in defendant's PLA here. And that claim is controlled squarely by Colton. Colton says where you have a conviction of an uncharged offense, the inquiry into whether that conviction violates due process requires the court to determine if that uncharged offense was a lesser included offense of the offense charged in the indictment. The way we make that determination in Illinois is we use the charging instrument approach. And in Colton they have the exact same crimes, predatory criminal sexual assault and aggravated criminal sexual abuse and determined that the lesser was a lesser included offense. That same analysis applies here. Defendant argues that because the conviction is ultimately entered in a 615 context on appeal that that should change, that Colton doesn't apply. But Colton occurred after the argument runs that after trial things change. But the determination by the trial judge in Colton occurred after the trial. The jury instruction phase happens after the trial. At the jury instruction phase where it's undisputed that Illinois would apply a charging instrument approach to determine if an instructed offense is a lesser included offense of one of the greater offenses in the indictment, the trial is over. There's no further opportunity to introduce evidence. There's no way for the defendant to alter the way he defends against this lesser included offense. It's the exact same situation here. There's no reason that Colton would not apply. Is this an extension of Colton? No. Colton, again, as defendant argued, this is a claim made under Colby Arkansas. The right at issue here is the right protecting defendants against charges that are never made. So the question is, was the charge made? And that's the question here. That's the question under a Cole claim, and that's the claim raised here. We simply ask, was this charge made or not? And the analysis begins with was the uncharged offense a lesser included offense of the greater? And Colton tells us how we answer that question. And the United States Supreme Court has given states the latitude to make that determination. The United States Supreme Court, the defendant argues, well, if the United States Supreme Court gets to this issue, ultimately, they won't apply a charging instrument approach. They'll apply an abstract elements approach. But the United States Supreme Court is not going to get to this issue, at least as far as telling the states how to handle this. The United States Supreme Court has already said states are free to handle this aspect of the analysis on their own. All the United States Supreme Court is concerned with is ensuring that this due process right not to be convicted of a charge never made is protected. And Illinois protects that right and it does it through the process, the framework outlined in Colton. So it's not an extension of Colton. It's certainly an application of Colton. This court doesn't need to do anything it hasn't already done in Colton. Would you, would your argument prevail if we did apply the abstract elements approach? Candidly, no. I don't think so. Yeah, thank you. So the difference is I understand that the defense is arguing in Colton is that the trier of fact considered whether the sexual conduct which required purpose of sexual gratification or arousal was argued at least and was submitted to a jury or submitted to the trier of fact by instructions and by argument. And here that didn't happen. Is that a significant difference that distinguished Colton? That is a difference. That is not a significant difference for the claim raised here. And that's not a significant difference for the application of Colton. However, as we mentioned in our appellee's brief and as defendant belatedly argued in the reply brief, there is a right under Apprendi to have the trier of fact determine every issue or every element of an offense beyond a reasonable doubt. And I think what's happening here is the defendant is somewhat mashing together that Apprendi right and the right in Colby, Arkansas. That right to have the jury or the trier of fact make a determination on every element of the offense beyond a reasonable doubt is a separate and it's a distinct right. It's an important right and it's a right that defendant argues was implicated in this case but that has not been briefed here. It was not briefed in the appellate court. The appellate court never had an opportunity to reach it and it was not briefed here. On that point, if this court was to reach the Apprendi issue, and I think Your Honor's question goes at least shifts towards that Apprendi concern in this case, I think it's, again, it's important to recognize that Apprendi was never argued. It was forfeited. If this court's going to look beyond forfeiture, an Apprendi analysis really might benefit from further briefing and that's because Apprendi involves more than just determining if the appellate court committed Apprendi error. It involves at least a harmless error analysis. This court held in People v. Thoreau that Apprendi claims are subject to harmless error analysis and on this record, it's clear that any Apprendi error was harmless. The victim in this case says that defendant used his thing to touch her butt. On a picture, it's clear that she's indicating that his thing is his penis. She says it hurt. She says it was wet and squishy and on count three, which is the other aggravated criminal sexual abuse count, the jury here found that defendant contacted the victim's buttocks with his hand for the purpose of sexual gratification or sexual arousal. Combining all these things, it's clear that beyond a reasonable doubt, that the jury would have found that intent element that Your Honor mentioned beyond a reasonable doubt. So if this court were to reach the Apprendi error or determine that there was Apprendi error, a harmless error analysis would be required and I think on this record, even though Apprendi was not briefed, it's clear that any error was harmless. Turning to the forfeiture argument, I think Justice Thomas, your question sort of makes our argument for us, which is that first, this court sent this case back to the appellate court with the supervisory order directing them to determine if there was sufficient evidence to answer a conviction on a lesser included offense. That initial appellate court opinion was vacated. This issue was briefed in its entirety. It was decided by the appellate court. It came back here. We briefed it in its entirety. Forfeiture just has no application here. Well, let me ask you this because I'm sure Justice Thomas doesn't want to make your argument through his questions, but he can speak for himself. But why did we issue the supervisory order? Was it an issue that arose out of the PLA that you presented to us? Yes. In the people's PLA, the people's primary argument in the PLA was that the appellate court erred when it found that there was insufficient evidence of the greater offense, predatory criminal sexual assault. Alternatively, the people requested that this court use its supervisory authority, remanded the appellate court for reconsideration under Colton. But was that issue ever raised prior to the PLA that you presented to us? No. The PLA was the first time it was raised. But it bears noting that the defendant could have responded to the people's PLA, could have responded to that request for use of the supervisory authority. And even after this court issued the supervisory order, the defendant could have asked for reconsideration of that order. The defendant did not do that. It also bears noting that the people certainly did not affirmatively suggest that the people had raised this issue in the appellate court. Thank you. Thank you. So again, there was no forfeiture. And I think the defendant's forfeiture argument on this point is distinct from the people's argument that the apprentice claim is forfeited. And I think they're sort of textbook examples for when forfeiture applies and when it does not. And a key distinction is that not only was there a supervisory order, but the appellate court took up the issue of whether to use its power under Rule 615 at this court's direction. And the issue was fully briefed, fully decided, and it's been fully briefed here. So if there are no further questions, we would ask that this court affirm the judgment of the appellate court. Thank you. Thank you. Any rebuttal? As the claim was submitted on Cull, and again, in the court I just read, and Cull was cited and again not responded to by the State, petitioners, defendants, are entitled to have the validity of their convictions appraised on consideration on the case as it was tried and as the issues were determined. There is more to that. We're determined in the trial court, not just charged, but determined. And that's where I think there's actually even an overlap with Apprendi. I did not view Apprendi as crucial to the claim, but it's simply another way of restating that it's for the jury to make these factual determinations, not to belatedly bring them for the first time to an appellate court, especially when you have an element that is not included in the charge. Again, the State talks about Colton being controlling, and again, that's the distinction. What Cull says, as tried and as issues were determined in the trial court. In Colton, the trial judge at the verdict stage, deliberating as a trial of fact, considered this. So there's the difference between that and Colton, and it's a constitutional difference. It's a due process difference. Certainly Colton, nothing in Colton ratifies what happened in this case. Bringing up a charge after the State loses on appeal, bringing up a new charge as a substitute for getting some liability out of the conduct after the strategy didn't pay off. As for the State's contention that there's a matter of State right and State latitude on including offenses, I would again refer to my reply brief. All of the cases the State cites, with the exception of Bailey, which actually supports the defendant's position, are instruction cases, again, where I've outlined the difference between considering included offenses at the trial stage and after. And this court even touched on that in Miller, when it's cited to the Florida Supreme Court in People v. Baker that talked about during, which was separating double jeopardy, included offense, from trial instruction, included offense. And this court quoted State v. Baker, Florida Supreme Court case, saying that the instructions were non-constitutional right of the defendant to basically present a different theory to the jury. Whereas in the double jeopardy involved, a constitutional claim. In this particular case, right, the defendant was found guilty of the greater charge, right? And what about Colton's explanation, and I'm specifically asking this as it relates to whether this determination of the extra element has to be made at the trial court. Because the appellate court does have the record, and Colton goes on to explain, that sexual gratification, right, which is the missing element, is an element that is inferred. Yes, it's inferred, but it's supposed to be inferred by the trier of fact. It's still not, nothing in Colton says that we're going to leave this to an appellate court calling the record. I would refer again to People v. Smith. The case that I again cited in my brief, and expounded on in more detail in my brief, where basically Mr. Smith is charged with felony murder predicated on armed robbery. He goes to trial and he's convicted of both. On appeal, he argues it's one act, one crime. He had gotten consecutive sentences on the two offenses. He argues one act, one crime, and that as the lesser included offense, the armed robbery has to be vacated, which would have given him substantial sentencing relief. On direct appeal, the third district says, well, the facts show a separate attempt armed robbery. The scheme is apparently a Jiffy Lube oil place and then there was money actually taken from a cash register and then the victims were herded downstairs toward a safe with the intent that they robbed the money out of the safe, but things happened and that never occurred. The taking of the safe was never accomplished. The appellate court says it's a separate attempt armed robbery that's in these facts. That's also a forcible felony, so we'll use that to prop up felony murder and we'll leave the armed robbery conviction intact. So this court grants petition relief to appeal and finds holding under the Gregory and Cole line of cases, actually citing Gregory, that it was a due process violation to convict Mr. Smith on a charge that was never made or submitted to a jury or trier of fact. And that's exactly what we have here. This case has the extra wrinkle that I acknowledge that in some contexts, ag crime sex abuse is an included offense. And I'm not, I would not pretend that the double jeopardy, sorry, the due process line of cases that I'm relying on would not, would also apply to included offenses. I would not say that you would have to have, that you'd have to charge every included offense for it to stick on appeal. But the problem is what's an included offense for federal due process purposes is the same elements test. Wouldn't you agree though that because of the inference it's less of a yes and no, yes and no. I mean, you know, you could say that. My problem is when you're talking about inference, again, I can't separate it from the question of who gets to make that. And also, what's the standard of review? In a regular reasonable doubt case where you actually have a properly constituted trier of fact trying the facts, you have the Jackson versus Virginia standard about any rational trier of fact nulls inferences. Does the appellate court get that kind of deference too from the cold record? Is there a separate appeal to raise, you know, reasonable doubt? Or I guess I could have done it here. But it seems to me you don't get there. Because the appellate court doesn't find separate and new elements. And also to touch on the harmless error aspect, and that's which is the part of the apprendee type of due process cases, as I recall there was a case called Nieder versus United States.  It was a charged offense. I believe it was money laundering and it was a certain amount of money. The offense was charged properly. However, the actual instruction failed to specify the money amount. However, all of the evidence at trial was that the amount of money was over the amount that would have satisfied the offense. The defendant didn't dispute the money and had a defense on a different thing. And that was called harmless error. In contrast, when this court has talked about apprendee lines of cases on brutal and heinous, for whether that extended term factor will apply, this court has drawn a line between factors like that and more objective factors like age, the amount of money, or the weight of a controlled substance. Here we have purposes of sexual gratification. We have to guess what the defendant's motives were. Maybe it seems obvious, but again, it's the trier of fact that makes the squishy factual questions, that makes all of the factual questions. If there are no further questions. Thank you, Your Honors. Thank you. Case number 113998, People versus Reginald Canterbrew, is taken under advisement as agenda number 9. Mr. Ryan, Mr. Sultanzadeh, we thank you for your arguments this morning. Mr. Marshall, we stand adjourned until Thursday, November 15, 2012, 9 a.m.